UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERRY A. GROVE,

    *Plaintiff*,                              CASE NO. 10-CV-11279

v.                                           DISTRICT JUDGE THOMAS LUDINGTON
                                               MAGISTRATE JUDGE CHARLES BINDER

GENE HANSEN and SONS TRUCKING,

    *Defendant*.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**
(Doc. 28)
**AND PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF**
(Doc. 31)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's Motion for Summary Judgment be **GRANTED** and that Plaintiff's Motion for Miscellaneous Relief be **DENIED AS MOOT**.

## II.    REPORT

### A.    Introduction

By order of U.S. District Judge Thomas L. Ludington, this case was referred to the undersigned magistrate judge for general case management on March 31, 2010. (Doc. 3.) Plaintiff's *pro se* complaint alleges a claim of employment discrimination based on his age under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Age

Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, against Plaintiff's former employer, Defendant Gene Hansen and Sons Trucking.

In response to this court's Order to Show Cause filed on April 15, 2010, Plaintiff provided the court with evidence that he had timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") and that he had received a right-to-sue letter as required by Title VII. (Doc. 6.) Defendant filed the instant motion for summary judgment on May 13, 2011. (Doc. 28.) Plaintiff filed a document on June 15, 2011, that addresses the allegations in Defendant's motion and does not request any relief, but which was docketed as a Motion for Miscellaneous Relief. (Doc. 30.) It is therefore recommended that this document be construed as a response and, thus, that the motion (Doc. 30) be denied as moot.

Having considered Defendant's motion and Plaintiff's response, the Court is satisfied that it would not be assisted by oral argument on the motion. Therefore, in accordance with local rules, the motion is ready for report and recommendation. E.D. Mich. LR 7.1(f)(2).

    **B.**    **Summary Judgment Standards**

A motion for summary judgment will be granted under Rule 56(c) where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party

has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

In response, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When the nonmoving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992). The Sixth Circuit explicitly instructed that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Id.* at 406.

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

### C.      Analysis & Conclusions

#### 1.      Sarbanes-Oxley Act

In Plaintiff's response, he states that he has "witnesses stating a younger employee hired after me was doing my job" and refers to the Sarbanes-Oxley Act, which "states all companies have to comply with this act. This is a federal investigation." (Doc. 30 at 1.)

The Court first notes that although the Sarbanes-Oxley Act ("SOX"), 18 U.S.C. § 1514A, does provide a private cause of action for employees of publicly-traded companies who are retaliated against for disclosing information about potentially unlawful conduct under the Securities and Exchange Commission's regulations or other federal law relating to fraud against shareholders, Plaintiff's reference to SOX in the instant case is perplexing. Plaintiff does not allege that Defendant committed any violation of SOX, nor does it appear that Defendant is a publicly traded company. I therefore suggest that Plaintiff's passing reference to SOX is of no import.

#### 2.      Age Discrimination Claim

In support of its Motion for Summary Judgment, Defendant proffers the affidavit of Ivan Hansen, who was in charge of general operations at Defendant's business and who supervised Plaintiff. (Doc. 28, Ex. 1 ¶ 1.) Mr. Hansen's affidavit states that he supervised Plaintiff's work as a general laborer, which began in 1999. (*Id.* ¶ 2.) Plaintiff "washed trucks, helped load cattle, cleaned the semi trailers and trucks, mowed the lawn and shoveled snow during the seasons." (*Id.*) At the time Plaintiff was laid off in 2008, he was "earning about $8.25 per hour" and he "did not have any special training or skills; he was not licensed as either a truck driver or a mechanic." (*Id.*)

Mr. Hansen further states that "[w]hen business took a sharp downturn in 2008, I realized that I would have to lay off some of the employees because there was simply not enough work to

4

go around." (*Id.* ¶ 3.) Lay-offs began in October 2008 and continued until January 2009. (*Id.* ¶ 4.) Six workers were laid off in 2008 and four were laid off in 2009. (*Id.*) Plaintiff was laid off in December 2008. (*Id.*) Mr. Hansen states that "[n]either seniority, nor age, was a consideration. Some of the workers laid off were younger than [Plaintiff] and some were older." (*Id.*) Mr. Hansen indicates that during this time period, he "had to lay off 40% of the employees in the company." (*Id.*) Mr. Hansen further states that "[a]fter [Plaintiff] was laid off, no person was hired to take his place. At that time I told the mechanics to clean up their own areas and told other employees that they should help with the livestock loading and trailers." (*Id.* ¶ 7.)

Where, as in this case, there is no direct evidence of discrimination, the plaintiff bears the initial burden of production under the *McDonnell Douglas* burden-shifting scheme, *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), to show a prima facie case of discrimination. *Michael v. Caterpillar Financial Servs. Corp.*, 496 F.3d 584, 593 (6th Cir. 2007). *See also Aldridge v. City of Memphis*, 404 Fed. App'x 29, 40 (6th Cir. 2010) (*McDonnell Douglas* framework still applicable to age discrimination claims even after *Gross v. FBL Financial Services, Inc.*, ___U.S.___, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009)). If the plaintiff makes a prima facie case, the burden then shifts to the defendant to articulate a "legitimate, non-discriminatory reason" for the employment decision. *Braithwaite v. Timken Co.*, 258 F.3d 488, 493 (6th Cir. 2001). To meet this burden, "the defendant must clearly set forth, through the introduction of admissible evidence, the reasons" for its decision. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). "An articulation not admitted into evidence will not suffice. Thus, the defendant cannot meet its burden merely through an answer to the complaint or by argument of counsel." *Id.* at 256 n.9. Finally, if the

defendant meets its burden of articulation, the burden shifts back to the plaintiff to show that the reason put forth by the defendant is pretextual, which can be done "by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." *Johnson v. Kroger Co.*, 319 F.3d 858, 866 (6th Cir. 2003) (citation and quotation omitted).

To demonstrate a prima facie case of age discrimination, the plaintiff must show that (1) he was a member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position; and (4) he was replaced by someone outside the protected class. *Geiger v. Tower Automotive*, 579 F.3d 614, 622 (6th Cir. 2009); *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006).

"If a plaintiff is terminated as part of a work force reduction, 'this court has modified the fourth element to require the plaintiff to provide "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons."'" *Johnson v. Franklin Farmers Co-op*, 378 Fed. App'x 505, 508 (6th Cir. 2010) (quoting *Geiger,* 579 F.3d at 623 (citations omitted)). "A person is replaced only when another employee is hired or reassigned to perform the plaintiff's duties." *Barnes v. GenCorp, Inc.*, 896 F.2d 1457, 1465 (6th Cir. 1990). Where the plaintiff's former duties are assumed by another employee in addition to his other functions, the plaintiff was not replaced. *Sahadi v. Reynolds Chem.,* 636 F.2d 1116, 1118 (6th Cir. 1980). If the plaintiff was not replaced, the additional evidence criteria requirement is not satisfied by simply showing that younger persons in comparable positions were retained. *Schoonmaker v. Spartan Graphics Leasing, LLC*, 595 F.3d 261, 267-68 (6th Cir. 2010). Instead, a plaintiff who was not replaced must show that he

6

"possessed superior qualities to [the retained employees] in order to meet [his] burden of establishing a prima facie showing in the context of a reduction in work force." *Schoonmaker*, 595 F.3d at 267.

In the instant case, Mr. Hansen's affidavit establishes that no one was hired to replace Plaintiff. Instead, employees who had been retained were told to assume Plaintiff's duties, such as cleaning up their own areas and helping load livestock and trailers. (Doc. 28, Ex. 1 ¶ 7.) Plaintiff has presented no evidence to refute these assertions. Since Plaintiff was not replaced, he must provide "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." *Johnson, supra.* Plaintiff's conclusory statement that he has "witnesses stating a younger employee hired after me was doing my job" is insufficient, where he has presented to evidence to back up this statement. (Doc. 30 at 1.) Plaintiff has also failed to show that he "possessed superior qualities" to the employees who were retained. *Schoonmaker, supra.* To the contrary, the evidence indicates that Plaintiff "did not have any special training or skills; he was not licensed as either a truck driver or a mechanic." (Doc. 28, Ex. 1 ¶ 4.) I therefore suggest that since Plaintiff has not come forward with any evidence to meet his burden to establish a prima facie case of discrimination, Defendant's motion for summary judgment should be granted.

**D.     Conclusion**

For all the reasons stated above, I recommend that Defendant's Motion for Summary Judgment be granted and that the case be dismissed in its entirety.

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97.

                                                            s/ Charles E. Binder
                                                            CHARLES E. BINDER
Dated: July 7, 2011                                      United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Jerry Grove, 10230 Werth Road, Herron, MI 49744-9722.

Date: July 7, 2011                                      By     s/Patricia T. Morris
                                                             Law Clerk to Magistrate Judge Binder