UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERRY A. GROVE,

       Plaintiff,                             Case Number 10-11279

v.                                       Honorable Thomas L. Ludington

GENE HANSEN and SONS TRUCKING,

       Defendant.

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING MAGISTRATE JUDGE BINDER'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF, AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE**

In his March 1, 2010, complaint, pro se Plaintiff Jerry Grove alleges a claim of employment discrimination based on his age pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., against Plaintiff's former employer, Defendant Gene Hansen and Sons Trucking. The case was referred to Magistrate Judge Charles E. Binder for general pretrial case management on March 31, 2010. ECF No. 3. In response to Judge Binder's order to show cause, Plaintiff provided the court with evidence that he had timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") and that he had received a right-to-sue letter as required by Title VII. ECF No. 6.

Defendant subsequently filed a motion for summary judgment on May 13, 2011. ECF No. 28. Plaintiff filed a "motion for miscellaneous relief" on June 15, 2011, which addressed the arguments in Defendant's motion for summary judgment but did not request any relief. ECF No. 30. Magistrate Judge Charles E. Binder issued a report and recommendation on July 7, 2011,

recommending that Defendant's motion for summary judgment be granted and that Plaintiff's motion for miscellaneous relief be denied as moot. Judge Binder concluded that Plaintiff had not demonstrated that a younger employee had been hired to replace him, that younger persons in comparable positions were retained, or that he possessed superior qualities to the retained employees in order to meet his burden of establishing a prima facie case of age discrimination because his termination was part of a reduction in force. Judge Binder also concluded that the Sarbanes-Oxley Act, upon which Plaintiff relies in his response to Defendant's motion, is inapplicable to the instant case because Plaintiff's complaint does not allege a Sarbanes-Oxley Act violation and Defendant does not appear to be a publicly traded company against which the Act provides a private cause of action. Plaintiff filed an objection to the report and recommendation on July 21, 2011. ECF No. 34.

The district court will make a "de novo determination of those portions of the report . . . to which objection is made."  28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).  A party must file specific objections to the report or the party's right to further review will be waived.  *Id.*  Moreover, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."  *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (citations omitted).

For the reasons explained below, Judge Binder's report and recommendations will be adopted, Plaintiff's objections will be overruled, Defendants' motion for summary judgment will be granted, and Plaintiff's motion for miscellaneous relief will be denied as moot.

# I

Plaintiff has made five discernible objections to the report and recommendation which are

mostly factual in nature. Each will be discussed below.

## A

Plaintiff's objection first cites the Sarbanes-Oxley Act and contends that it applies because this is a "federal investigation." ECF No. 34 at 1. The Sarbanes-Oxley Act, however, provides a private cause of action for employees of publicly-traded companies who are retaliated against for disclosing information about potentially unlawful conduct under the Securities and Exchange Commission's regulations or other federal law relating to fraud against shareholders. 18 U.S.C. § 1514A. Plaintiff has not advanced any evidence that Defendant is a publicly traded company, nor does Plaintiff allege that he was retaliated against for disclosing potentially unlawful conduct or fraud against shareholders. Plaintiff's first objection will be overruled.

## B

Plaintiff next states that Ivan Hansen was not his immediate supervisor, but was responsible for general operations after his father, Bill Hansen, passed away. Plaintiff also alleges that Ivan Hansen has been to anger management counseling. These factual assertions are unrelated to Plaintiff's ability to demonstrate a prima facie case of age discrimination and are "not sufficient to alert the Court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Plaintiff's objection will be overruled.

## C

Plaintiff also objects to the characterization of his employment termination as being "laid off" because Plaintiff contends that he was "fired," after which Defendant hired younger employees. ECF No. 34 at 1-2. Plaintiff also contends that he was blamed for cattle that another employee left in the barn which contributed to his employment being terminated. Plaintiff does not explain how

this is relevant to the instant analysis regarding his age discrimination claim. Plaintiff also contends that he did not work for DHL, and any reference to his employment with DHL must be stricken from the record.

Judge Binder concluded that Plaintiff had not demonstrated that a younger employee had been hired to replace him, that younger persons in comparable positions were retained, or that he possess superior qualities to the retained employees in order to meet his burden of establishing a prima facie case of age discrimination because his termination was part of a reduction in force. ECF No. 32 at 7. It is undisputed that Plaintiff suffered an adverse employment action; whether it is referred to as being "laid off" or being "fired" is inapposite to the analysis of his age discrimination claim. As Judge Binder noted in his report and recommendation, Plaintiff has also offered no evidence that a younger employee was hired to perform his duties. Moreover, there is no reference to Plaintiff being employed by DHL either in Defendant's motion for summary judgment or Judge Binder's report and recommendation; only the circumstances regarding Plaintiff's employment and termination by Defendant is at issue. Plaintiff's objection will be overruled.

**D**

Plaintiff next describes an alleged altercation he had with Ivan Hansen at an unspecified time, during which Mr. Hansen advised Plaintiff that ten- or fifteen-year-olds could do Plaintiff's job. Plaintiff disagreed, and told Mr. Hansen that it would take twenty fifteen-year-olds to do his job. Plaintiff alleges this angered Mr. Hansen who subsequently reduced Plaintiff's hours before terminating his employment. Plaintiff also emphasizes that he was qualified for the position he held and that he is in a protected class because he is forty-nine years of age.

Plaintiff's membership in a protected class is not in dispute, and Judge Binder's conclusion

does not contend that Plaintiff was not qualified for the position he held. Instead, Judge Binder focused on the modified fourth element for demonstrating a prima facie case of age discrimination in a reduction in force case: that Plaintiff provide additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out Plaintiff for discharge for impermissible reasons. *Barnes v. GenCorp*, 896 F.2d 1457, 1465 (6th Cir. 1990). Plaintiff's alleged altercation with Ivan Hansen does not offer additional circumstantial evidence to support a prima facie case of wrongful termination based on age discrimination in the context of a reduction in force. Plaintiff must demonstrate by a preponderance of the evidence that these instances were not vague, ambiguous, or isolated and that the instances were related to Plaintiff's subsequent discharge. *Cooley v. Carmike Cinemas, Inc.*, 25 F.3d 1325, 1331 (6th Cir. 1994). Plaintiff does not explain how this statement demonstrates that he was singled out for discharge for impermissible reasons or that the statement reflects the Defendant's discriminatory intent in its terminating Plaintiff's employment in order to be considered direct evidence of age discrimination. *See Gragg v. Somerset Tech. Coll.*, 373 F.3d 763, 767-68 (6th Cir. 2004) (noting that circumstantial evidence establishing a prima facie case of age discrimination must be sufficiently probative to allow a factfinder to believe that the employer intentionally discriminated against Plaintiff because of age). Accordingly, Ivan Hansen's statements during his alleged altercation with Plaintiff are not evidence that Plaintiff was terminated on account of his age and Plaintiff's objection will be overruled.

**E**

Finally, Plaintiff notes that he was hired as a maintenance person, and not as a mechanic or a truck driver. He contends that whether he possessed superior qualities is thus inapplicable and the qualifications he did possess was having nine years of experience over the other employees retained.

-5-

Plaintiff, however, must demonstrate that he possessed superior qualities over the employees who were retained. That Plaintiff had additional years of experience, standing alone, is insufficient to establish that he possessed superior qualities over the retained employees. Plaintiff's objection will be overruled.

**II**

Accordingly, it is **ORDERED** that Plaintiff's objections are **OVERRULED**.

It is further **ORDERED** that Judge Binder's Report and Recommendation (ECF No. 32) is **ADOPTED**.

It is further **ORDERED** that Defendant's motion for summary judgment (ECF No. 28) is **GRANTED**.

It is further **ORDERED** that Plaintiff's motion for miscellaneous relief (ECF No. 30) is **DENIED AS MOOT**.

It is further **ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 2, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Jerry A. Grove, at 10230 Werth Road, Herron, MI 49744-9722 by first class U.S. mail on December 2, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS

---